UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10484-GAO

EDWARD SULLIVAN, HEATHER SULLIVAN,

S.S., T.S., C.S., AND B.S.,

Plaintiffs,

v.

TOWN OF WALPOLE et al.,

Defendants.

OPINION AND ORDER
June 21, 2021

O'TOOLE, S.D.J.

The plaintiffs, Edward and Heather Sullivan and their four minor children, bring claims against the Town of Walpole, various town departments, and several named and unnamed persons involved in an investigation into allegations of abuse of one of their minor daughters.

They challenge the propriety of Town officials' investigation and subsequent arrest of Edward Sullivan for abuse, bringing claims for violation of 42 U.S.C. § 1983, conspiracy to violate 42 U.S.C. § 1983, violation of the Massachusetts Civil Rights Act (the "MCRA"), Massachusetts General Laws Chapter 12 § 11I, and intentional infliction of emotional distress. Defendants have moved for judgment on the pleadings, dkt. no. 13, which the Court reviews under substantially the same standard as that for a motion to dismiss for failure to state a claim under Rule 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54–55 (1st Cir. 2006). The motion is granted in part and denied in part.

With respect to Count II, which asserts a claim for conspiracy to violate civil rights in violation of 42 U.S.C. § 1983, plaintiffs fail to state a claim. Conspiracy requires allegations of specific facts indicating an agreement among the alleged conspirators to deprive the plaintiffs of their civil rights, Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019), and no such specific factual allegations were made here. Plaintiffs' generalized allegation that defendants conspired to violate their rights, (Compl. ¶ 38 (dkt. no. 1-1).), is insufficient to allege a civil rights conspiracy. Parker, 935 F.3d at 18.

Count III, which asserts a claim under the MCRA, also fails to state a claim. The MCRA is the state analog to § 1983 but it differs from the federal cause of action in that it requires allegations that defendants interfered with plaintiffs' constitutional rights through "threats, intimidation or coercion." Mass. Gen. Laws ch. 12, §§ 11H, 11I; see Buster v. George W. Moore, Inc., 783 N.E.2d 399, 408 (Mass. 2003). Plaintiffs argue that Edward Sullivan's arrest, allegedly without probable cause, supports this claim. However, "[a] direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act." Longval v. Comm'r of Corr., 535 N.E.2d 588, 593 (Mass. 1989). Plaintiffs have not otherwise alleged facts concerning the threats, intimidation and coercion element and, therefore, their claim fails in this regard.

Finally, the motion is granted with respect to the remaining claims against the municipal entities. Municipal entities are immune from all intentional torts including intentional infliction of emotional distress (Count IV), Mass. Gen. Laws ch. 258, § 10(c), and plaintiffs have failed to allege that the City engaged in some policy or practice that contributed to the alleged constitutional

violation necessary to sustain a municipal § 1983 claim (Count I).[1] See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978).

Defendants' motion is otherwise denied.

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (dkt. no. 13) is GRANTED in part and DENIED in part. The claims remaining are Counts I and IV against the individual defendants.

It is SO ORDERED.

                                                /s/ George A. O'Toole, Jr.
                                                Senior United States District Judge

---

[1] Plaintiffs agree that their claims against the Walpole Police Department and the Walpole School Department should not go forward.