1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                        SUPERIOR COURT DIVISION
                                                    OF THE TRIAL COURT

                                                    DOCKET NO. 20    0110

EDWARD SULLIVAN, HEATHER SULLIVAN,
███████ SULLIVAN, ████ SULLIVAN,
████ SULLIVAN AND ███████ SULLIVAN

PLAINTIFFS,

v.                                                  **COMPLAINT**
                                                    **AND DEMAND**
THE TOWN OF WALPOLE, MA.                            **FOR JURY TRIAL**
WALPOLE POLICE DEPARTMENT,
CHIEF JOHN F. CARMICHAEL JR.,
OFFICER ANDREW KIEWLICZ,
DET. MICHAEL BENNER,
DET. SGT. RICHARD KELLEHER,
OFFICER THOMAS HART,
DET. KYLE GRIFFIN,
OFFICER MATTHEW CROWN AND OTHERS
NAMES UNKNOWN TO THE PLAINTIFF AT THIS TIME.
WALPOLE SCHOOL DEPARTMENT,
VICE PRINCIPAL LEE TOBEY,
AND OTHERS AS YET UNKNOWN TO THE PLAINTIFFS

RECEIVED & FILED 2020 JAN 28 AM 9:59 CLERK OF THE COURTS NORFOLK COUNTY

## INTRODUCTION

1. This is a civil rights action for monetary damages brought by the plaintiffs Edward Sullivan, Heather Sullivan, husband and wife and as legal guardians on behalf of ▓▓▓ Sullivan, ▓▓▓ Sullivan and ▓▓▓ Sullivan. On October 25, 2018 the plaintiff Edward Sullivan was wrongfully placed under arrest by officers of the Walpole Police Department with no evidence that Edward Sullivan had committed a crime, was committing a crime or was about to commit a crime. As a result of this unlawful arrest and detention of the plaintiff Edward Sullivan his minor children were also taken into custody at the direction of the Walpole Police Department and detained without probable cause or any legal justification for their detention, further the plaintiff ▓▓▓ Sullivan was at the relevant time of these actions at the home of a school classmate and the parent of ▓▓▓ Sullivan's classmate, ▓▓▓ Greeley ▓▓▓ was ordered by the Walpole Police to detain T▓▓▓ Sullivan at his home until instructed further by the Walpole Police.

2. Edward Sullivan was then charged with the crime of assault and battery upon his daughter ▓▓▓ Sullivan and brought before the Wrentham District Court the following day. He was not arraigned at that point.

3. The District Attorney's Office subsequently entered a Nolle Prosqui of this complaint prior to arraignment.

4. The plaintiff Edward Sullivan is employed as a schoolteacher for the Town of Mansfield Massachusetts and a coach of the soccer team for Walpole Youth Soccer.

5. Edward Sullivan was immediately removed as a coach for Walpole Youth Soccer as a result of this event.

6. All plaintiffs have suffered severe mental anguish and emotional distress as a result of this unwarranted and wrongful arrest of Edward Sullivan.

7. The plaintiffs Edward and Heather Sullivan were compelled to remove their children from the Walpole School system due to the stigma and humiliation they endured as a result of the unwarranted, wrongful arrest of their father Edward Sullivan.

## JURISDICTION AND VENUE

This action arises, in part, under the Massachusetts Tort Claims Act, M.G.L. c. 258; the Massachusetts Civil Rights Act, M.G.L. c. 12 §11I; Massachusetts Common Law; the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983. Jurisdiction and venue in the Superior Court of Norfolk County is proper pursuant to M.G.L. c. 258 §3.

## PARTIES

1. Plaintiff Edward Sullivan is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff is, at all times relevant to the causes set forth in this Complaint a resident of the Town of Walpole.
2. Plaintiff Heather Sullivan is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff is, at all times relevant to the causes set forth in this Complaint a resident of the Town of Walpole.
3. Plaintiff ████ Sullivan, a minor child of Edward and Heather Sullivan is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff is, at all times relevant to the causes set forth in this Complaint a resident of the Town of Walpole.
4. Plaintiff ██ Sullivan, a minor child of Edward and Heather Sullivan is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff is, at all times relevant to the causes set forth in this Complaint a resident of the Town of Walpole.
5. Plaintiff ███ Sullivan, a minor child of Edward and Heather Sullivan is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff is, at all times relevant to the causes set forth in this Complaint a resident of the Town of Walpole.
6. Plaintiff ████ Sullivan, a minor child of Edward and Heather Sullivan is a United States Citizen and a resident of the Commonwealth of Massachusetts. Plaintiff is, at all times relevant to the causes set forth in this Complaint a resident of the Town of Walpole.

7. Defendant **TOWN OF WALPOLE** is, at all times relevant to the causes set forth in this Complaint, the public employer of the following public officials and/or public employees of the Walpole Police Department: Chief John F. Carmichael Jr., Officer Andrew Kiewlicz, Det. Michael Benner, Det. Sgt. Richard Kelleher, Officer Thomas Hart, Det. Kyle Griffin, Officer Matthew Crown And Others Names Unknown To The Plaintiff At This Time. Defendant Town of Walpole is liable for the negligent acts and omissions of its public employees pursuant to the provisions of G.L. c. 258.

8. Defendant John F. Carmichael at all times relevant to this action was the Chief of the Walpole Police Department and as such is responsible for the policies, procedures of the Walpole Police Department as well as the training and supervision of all personnel employed by the Walpole Police Department.

9. Defendant Detective Sergeant Richard Kelleher at all times relevant to this action was a senior officer in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.

10. Defendant Detective Michael Benner at all times relevant to this action was a detective officer in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.

11. Defendant Detective Kyle Griffin at all times relevant to this action was a detective officer in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.

12. Defendant Officer Andrew Kiewlicz, at all times relevant to this action was a police officer in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.

13. Defendant Officer Thomas Hart, at all times relevant to this action was a police officer in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.

14. Defendant Officer Andrew Crown, at all times relevant to this action was a police officer in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.

15. Further defendants who's names are unknown to the Plaintiffs at this time were also at all times relevant to this action was a police officers in the employ of the Town of Walpole Police Department and acting in his official capacity as a Police Officer on behalf of the Town of Walpole.
16. Defendant **Town Of Walpole** is, at all times relevant to the causes set forth in this Complaint, the public employer of the following public officials and/or public employees of the Walpole School Department, Vice Principal Lee Tobey, And Others As Yet Unknown To The Plaintiffs
17. Defendant Lee Toby is at all times relevant to the causes set forth in this Complaint the Vice Principal of the Walpole High School a public school entity of the Walpole School Department and acting in her capacity as a public official of the Town of Walpole and the Walpole School Department.

## FACTS COMMON TO ALL COUNTS

18. On or about October 24, 2018 Edward and Heather Sullivan husband and wife resided at 165 Kendall St. Walpole, Ma. with their four minor children ███████ age 15, ███ age 12, ███ age 8 and ███████ age 5. All four children attended the Walpole public schools, Shawana attended Walpole High School and participated as a member of the school football team as the place kicker. ███████ went to school this day as regularly scheduled. During her lunch period a fellow student, ███████ approached Shawana and engaged her in conversation.
19. During the course of this conversation Ms. Conlon questioned ███████ as to how she sustained a bruise on her cheek. ███████ was not friendly with Ms. Conlon and did not discuss the circumstances with her. Thereafter both students went their separate ways.
20. At some point thereafter Ms. Conlon took it upon herself to report to school officials that ███████ had been assaulted by her father Edward Sullivan.
21. Vice Principal Lee Toby then summoned ███████ to her office and inquired of ███████ as to how she may have been injured.
22. ███████ told her that it was the result of her younger brother falling out of his bed and dropping a bottle that struck her by accident.

23. Defendant Toby then filed a 51A notice with the Department of Children and Families based solely on the story reported to her by ~~Kyle Conlon~~ and in spite of what was reported to her by ~~Shawana~~ Sullivan.
24. ~~Shawana~~ Sullivan returned to class after speaking with Defendant Lee Toby.
25. After classes were over ~~Shawana~~ reported for practice with the football team. Approximately thirty minutes later the football coach Mr. Hart instructed ~~Shawana~~ to report to the Vice Principal's office with him. Upon her arrival ~~Shawana~~ was confronted by the Assistant Principal Ms. Toby, two Walpole police officers and an investigator from the Department of Families and Children. She was placed in a room for approximately thirty minutes and informed by the police that she could not contact her parents or anyone else.
26. ~~Shawana~~ was then questioned extensively by the DCF investigator in the presence of the police officers. ~~Shawana~~ was asked repeatedly if she had ever been the victim of any assaultive behavior by her father which she adamantly denied. ~~Shawana~~ was then forced to remain at the school until approximately 6:00 p.m. when she was released to the custody of her grandmother.
27. During this same time frame the police instructed the Walpole School officials not to allow ~~Shawana~~'s siblings ~~Colin~~ and ~~Brenda~~ to leave their school and return home until further instruction from the police, The School officials complied with this demand. ~~Shawana~~'s sister had already left school and gone to the home of a friend at 76 Broad St. Walpole. Officers went to that address and instructed the homeowner Mr. Brian Greeley to keep ~~Tara~~ at his home until told otherwise by the police. Mr. Greeley complied.
28. At approximately 4:00 p.m. Officers of the Walpole Police Department arrested Edward Sullivan and charged him with domestic assault and battery. Mr. Sullivan immediately cooperated with the police and provide them with a complete statement of the past twenty four hours. Both he and his daughter separately denied any such incident having ever taken place.
29. The Department of Children and Families found no evidence of any abuse of ~~Shawana~~, the Norfolk County District Attorney's Office declined to prosecute any charges against Mr. Sullivan in connection with these absurd allegations and entered a Nolle Prosqui prior to any arraignment. ~~Shawana~~ was examined by a medical doctor the next day and no evidence or suggestion of any form of abuse of ~~Shawana~~ was revealed. The sole basis for the

unwarranted and unlawful arrest of Edward Sullivan and the unlawful detention of his children was the false and uncorroborated report of a student that speculated as to the cause of a minor bruise on ███████.

## COUNT ONE
## VIOLATION OF 42 USC§ 1983 VERSUS ALL DEFENDANTS

30. Plaintiffs reassert and allege all information contained in paragraphs one through twenty nine.

31. By engaging in the conduct described above the defendants deprived the plaintiffs of clearly defined and well settled constitutional rights while acting under color of law. Specifically the defendants denied all plaintiffs rights guaranteed them by the Constitution of the United States Constitution, specifically but not limited to under their Fourth Amendment rights to be free from unlawful restraint of their person and their Fifth and Fourteenth Amendment rights to due process of law.

32. Further the wrongful actions were undertaken with gross and reckless disregard of the Plaintiffs' constitutional rights which include the following without limitation:

    Defendants failed to exercise ordinary and appropriate care in conducting this investigation.

    Defendant failed to conduct a proper and thorough investigation that was initiated by hearsay, debunked immediately by the purported victim, plaintiffs ███████ Sullivan and Edward Sullivan.

    Defendants action of arresting Edward Sullivan and the unwarranted detainment of his children ███████, ███████ and ███████ was undertaken without probable cause to arrest or detain.

33. The defendants failed to acknowledge and give appropriate consideration to contemporaneous exculpatory evidence provided to them by both Edward Sullivan and ███████ Sullivan.

34. All defendants engaged in a conspiracy to deprive the plaintiffs of their rights, privileges and immunities as guaranteed by the Constitution of the United States in violation of the provisions of 42 USC§1983.

35. As a result of the defendants actions the plaintiffs suffered loss of freedom, loss of enjoyment of life, extreme emotional distress and were otherwise damaged.
36. The above constitutes violations of 42 USC§1983.

## COUNT TWO
## CONSPIRACY IN VIOLATION OF 42 USC §1983
## ALL DEFENDANTS

37. Plaintiffs reallege and incorporate by reference the information contained in paragraphs one through thirty six.
38. By having engaged in the conduct described therein the defendants conspired to deprive the plaintiffs of the equal protections of the law or of the equal privileges and immunities under the law, and they acted in furtherance of this conspiracy in violation of 42 USC§1983 which resulted in the injuries to the plaintiffs.

## COUNT THREE
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## ALL DEFENDANTS

39. Plaintiffs reallege and incorporate by reference the information contained in paragraphs one through thirty eight.
40. By having engaged in the conduct described therein the defendants deprived the plaintiffs of the equal protections of the law or of the equal privileges and immunities under the law, and they acted in furtherance of this conspiracy in violation of MGL Ch. 12§11I which resulted in the injuries to the plaintiffs.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL DEFENDANTS

41. Plaintiffs reallege and incorporate by reference the information contained in paragraphs one through forty.

42. The intentional and grossly reckless actions described above by all defendants and attributable to all defendants jointly and severally were outrageous and beyond the scope of human decency.

## RELIEF REQUESTED

1. Plaintiff properly performed the conditions precedent to filing the instant action under Mass. Gen. L. ch. 258.

2. The Defendant's responded and denied any and all liability.

WHEREFORE, Plaintiff requests that this Court:

(1) Award compensatory damages;

(2) Punitive damages;

(3) Award the cost of this action including reasonable attorney's fees; and

(4) Award such other further relief as this court deems appropriate and necessary.

## JURY DEMAND

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,<br>
For the Plaintiff,<br>
By his attorneys,

*[signature]*

Robert M. Griffin, BBO No.553893
rgriffin@dharlawllp.com

**◥ DHARLAW** llp

The Charlestown Navy Yard
One Constitution Center, Suite 300
Charlestown, Massachusetts 02129
Phone: 617.880.6155
Fax: 617.880.6160

January 28, 2020