# 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:20-cv-10484-GAO

| | |
|---|---|
| EDWARD SULLIVAN, HEATHER SULLIVAN, DOE CHILD 1, DOE CHILD 2, DOE CHILD 3 and DOE CHILD 4,<br>    Plaintiffs,<br><br>vs.<br><br>TOWN OF WALPOLE, MA, WALPOLE POLICE DEPARTMENT, CHIEF JOHN F. CARMICHAEL, JR., OFFICER ANDREW KIEWLICZ, DET. MICHAEL BENNER, DET. SGT. RICHARD KELLEHER, OFFICER THOMAS HART, DET. KYLE GRIFFIN, OFFICER MATTHEW CROWN, AND OTHER NAMES UNKNOWN TO THE PLAINTIFFS AT THIS TIME, WALPOLE SCHOOL DEPARTMENT, VICE PRINCIPAL LEE TOBEY, AND OTHERS AS YET UNKNOWN TO THE PLAINTIFFS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND JURY DEMAND OF DEFENDANTS, TOWN OF WALPOLE, MA, WALPOLE POLICE DEPARTMENT, CHIEF JOHN F. CARMICHAEL, JR., OFFICER ANDREW KIEWLICZ, DET. MICHAEL BENNER, DET. SGT. RICHARD KELLEHER, OFFICER THOMAS HART, DET. KYLE GRIFFIN, OFFICER MATTHEW CROWN, <u>WALPOLE SCHOOL DEPARTMENT & VICE PRINCIPAL LEE TOBEY</u>**

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted and, therefore, must be dismissed.

**SECOND DEFENSE**

The defendants, Town of Walpole, MA, Walpole Police Department, Chief John F. Carmichael, Jr., Officer Andrew Kiewlicz, Det. Michael Benner, Det. Sgt. Richard Kelleher, Officer Thomas Hart, Det. Kyle Griffin, Officer Matthew Crown, Walpole School Department and

Vice Principal Lee Tobey [hereinafter "defendants"], respond to plaintiffs' Complaint, paragraph by paragraph, as follows:

**Introduction**

1.       The defendants neither admit nor deny the statement contained in the first sentence of Paragraph 1 as it is a mere conclusion of law to which no response is required.  To the extent a response is nevertheless necessary, the defendants deny that the plaintiffs' civil rights were violated or that plaintiffs suffered damages as a result.  The defendants admit that, on or about October 24, 2018, the plaintiff, Edward Sullivan, was placed under arrest for domestic assault and battery, but deny the remainder of the allegations contained in the second sentence of Paragraph 2.  The defendants admit that, at the direction of the Department of Children and Families ("DCF"), which initiated an "emergency response" in accordance with 110 CMR 4.25(1)(b), the minor plaintiffs were temporarily detained for their own health and safety.  The defendants further admit that S.S., C.S. and B.S. were temporarily detained in Walpole Public Schools, and that T.S. was temporarily detained at the home of a friend whom she was visiting.  The defendants deny the remainder of the allegations contained in the third sentence of Paragraph 3.

2.       The defendants admit the plaintiff, Edward Sullivan, was charged with domestic assault and battery upon his daughter, S.S., and that he was scheduled to be arraigned the following day in Wrentham District Court.  The defendants admit the plaintiff, Edward Sullivan, was not arraigned the following day.  The defendants deny the remainder of the allegations contained in Paragraph 2.

3.       The defendants admit that, on or about November 28, 2018, the Norfolk County District Attorney's Office entered a notice of nolle prosequi.

4.       The defendants admit the allegations contained in Paragraph 4.

5. The defendants neither admit nor deny the allegations contained in Paragraph 5, because they have no actual knowledge of same and, therefore, call upon plaintiffs to prove same.

6. The defendants deny the allegations contained in Paragraph 6.

7. The defendants deny the allegations contained in Paragraph 7.

## Jurisdiction and Venue

The defendants deny that this action arises, in part, under the Massachusetts Tort Claims Act, M.G.L. c. 258, §§ 1, *et seq.*, as plaintiffs' Complaint contains no claim asserted under M.G.L. c. 258, § 2. The defendants neither admit nor deny the remainder of the "Jurisdiction and Venue" section as it contains mere conclusions of law to which no response is required.

## Parties

1. The defendants admit the allegations contained in Paragraph 1.

2. The defendants admit the allegations contained in Paragraph 2.

3. The defendants admit the allegations contained in Paragraph 3.

4. The defendants admit the allegations contained in Paragraph 4.

5. The defendants admit the allegations contained in Paragraph 5.

6. The defendants admit the allegations contained in Paragraph 6.

7. The defendants admit the defendant, Town of Walpole, is a public employer, and that the defendants, Chief John F. Carmichael, Jr., Officer Andrew Kiewlicz, Det. Michael Benner, Det. Sgt. Richard Kelleher, Officer Thomas Hart, Det. Kyle Griffin and Officer Matthew Crown, are public officials and/or public employees within the Walpole Police Department. The defendants deny the remainder of the allegations contained in the first sentence of Paragraph 7. The defendants neither admit nor deny the statement contained in the second sentence of Paragraph 7

as it is a mere conclusion of law to which no response is required. In further responding, the defendants state that plaintiffs' Complaint contains no count for negligence.

8. The defendants admit that John F. Carmichael, Jr., was the Walpole Chief of Police appointed pursuant to M.G.L. c. 41, § 97. The defendants neither admit nor deny the remainder of the statements contained in Paragraph 7 as they are mere conclusions of law to which no response is required.

9. The defendants admit that, on or about October 24, 2018, Richard Kelleher was a Detective Sergeant in the Walpole Police Department and is now the Deputy Chief. The defendants further admit that Det. Sgt. Kelleher was acting in his official capacity at all relevant times.

10. The defendants admit that, on or about October 24, 2018, Michael Benner was a Detective in the Walpole Police Department and is now a Sergeant. The defendants further admit that Det. Benner was acting in his official capacity at all relevant times.

11. The defendants admit that, on or about October 24, 2018, Kyle Griffin was a Detective in the Walpole Police Department. The defendants further admit that Det. Griffin was acting in his official capacity at all relevant times.

12. The defendants admit that, on or about October 24, 2018, Andrew Kiewlicz was an Officer in the Walpole Police Department and is now a Detective. The defendants further admit that Officer Kiewlicz was acting in his official capacity at all relevant times.

13. The defendants admit that, on or about October 24, 2018, Thomas Hart was an Officer in the Walpole Police Department. The defendants further admit that Officer Hart was acting in his official capacity at all relevant times.

14. The defendants admit that, on or about October 24, 2018, Matthew Crown was an Officer in the Walpole Police Department. The defendants further admit that Officer Crown was acting in his official capacity at all relevant times.

15. The defendants neither admit nor deny the allegations contained in Paragraph 15, because they have no actual knowledge of same and, therefore, call upon plaintiffs to prove same.

16. The defendants admit that the defendant, Town of Walpole, is a public employer, and that the defendant, Vice Principal Lee Tobey, is a public official and/or public employee within the Walpole School Department. The defendants deny the remainder of the allegations contained in the first sentence of Paragraph 16.

17. The defendants admit that, on or about October 24, 2018, Lee Tobey was Vice Principal of Walpole High School ("WHS"), a public school operated by the Walpole School Department. The defendants further admit that Vice Principal Tobey was acting in her official capacity at all relevant times.

**Facts**

18. The defendants admit the allegations contained in the first two sentences of Paragraph 18. The defendants admit the plaintiff, S.S., was a place kicker on the WHS freshmen football team. The defendants admit S.S. attended school on October 24, 2018 and that, during or around the time of her lunch period, she had a conversation with a fellow student, K.C. The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 18, because they have no actual knowledge of same and, therefore, call upon plaintiffs to prove same.

19. The defendants admit K.C. inquired of S.S. about the bruises on her cheeks. The defendants deny the allegations contained in the second sentence of Paragraph 19. In further responding, the defendants state that, during their conversation, S.S. disclosed to K.C. that the

5

bruises on her cheeks were inflicted by her father, the plaintiff, Edward Sullivan. The defendants neither admit nor deny the allegations contained in the third sentence of Paragraph 18, because they have no actual knowledge of same and, therefore, call upon plaintiffs to prove same.

20. The defendants admit that K.C. informed WHS personnel what S.S. had disclosed to her – namely, that the bruises on S.S.'s cheeks were inflicted by her father, the plaintiff, Edward Sullivan. The defendants deny the remainder of the allegations contained in Paragraph 20.

21. The defendants admit that Vice Principal Tobey summoned S.S. to her office to inquire about the cause(s) of the bruises on her cheeks.

22. The defendants admit that S.S. told Vice Principal Tobey that she sustained the bruises when her brother fell out of bed and struck her. The defendants deny the remainder of the allegations contained in Paragraph 22.

23. The defendants admit that Vice Principal Tobey filed a report of suspected abuse of S.S. with DCF pursuant to M.G.L. c. 119, § 51A. The defendants deny that Vice Principal Tobey's report was based solely on the story reported to her by K.C. In further responding, the defendants state that, as a mandated reporter, Vice Principal Tobey was under a statutory obligation to file a 51A report with DCF if she had a reasonable cause to believe that a child was a victim of physical or emotional injury resulting from abuse. Vice Principal Tobey had reasonable cause to believe that S.S. was such a victim.

24. The defendants neither admit nor deny the allegations contained in Paragraph 24, because they have no actual knowledge of same and, therefore, call upon plaintiffs to prove same.

25. The defendants admit the allegations contained in the first sentence of Paragraph 25. The defendants admit that, shortly thereafter, WHS freshmen football coach Thomas Hart escorted S.S. to the Main Offices at WHS. The defendants further admit that members of the Walpole Police

6

Department and an investigator from DCF also arrived at WHS. The defendants further admit that Thomas Hart waited with S.S. in a room across the hall from the Main Offices. The defendants deny the remainder of the allegations contained in Paragraph 25.

26. The defendants admit that the DCF investigator interviewed S.S. in the presence of Walpole Police and Vice Principal Lee Tobey. The defendants admit that the DCF investigator asked S.S., among other things, if she knew why he was there, about the cause(s) of the bruises on her cheeks, about her family and home life, whether there were any arguments or disagreements at home last night, whether there were any arguments or issues this morning, when her brother fell out of bed, about forms of discipline used in the home, what "safe" meant to her and whether she felt "safe," about dating and school activities, and whether she had any other marks or bruises. The defendants deny the remainder of the allegations contained in the second sentence of Paragraph 26. The defendants admit that S.S. was temporarily detained at WHS until her grandmother picked her up at approximately 6:00 p.m. The defendants deny the remainder of the allegations contained in the third sentence of Paragraph 26.

27. The defendants admit that, at the direction of DCF, which initiated an "emergency response" in accordance with 110 CMR 4.25(1)(b), Walpole Police instructed personnel at Fisher Elementary School to temporarily detain C.S. and B.S. until the DCF investigator had an opportunity to interview them. The defendants admit that school personnel complied with this request. The defendants admit the allegations contained in the third sentence of Paragraph 27. The defendants admit that, at the direction of DCF, Walpole Police asked the homeowner not to let T.S. leave until the DCF investigator had an opportunity to interview her. The defendants admit that the homeowner complied with this request. The defendants deny the remainder of the allegations contained in the third sentence of Paragraph 27.

7

28. The defendants admit that, at approximately 4:00 p.m., Walpole Police placed the plaintiff, Edward Sullivan, under arrest for domestic assault and battery. The defendants admit that, after he was given his Miranda rights, Mr. Sullivan spoke to Walpole Police. The defendants admit that Mr. Sullivan denied he assaulted his daughter, and that S.S., in her interview with the DCF investigator, denied that the bruises on her cheeks were inflicted by her father. The defendants deny the remainder of the allegations contained in Paragraph 28.

29. The defendants admit that the DCF disposition found the allegation of physical abuse of S.S. by the plaintiff, Edward Sullivan, "unsupported." The defendants further admit that, on or about November 28, 2018, the Norfolk County District Attorney's Office entered a notice of nolle prosequi. The defendants deny the remainder of the allegations contained in Paragraph 29.

### Count One
### Violation of 42 U.S.C. § 1983
### (All Defendants)

30. The defendants repeat and incorporate by reference their responses to Paragraphs 1 – 29 above.

31. The defendants deny the allegations contained in Paragraph 31.

32. The defendants deny the allegations contained in Paragraph 32.

33. The defendants deny the allegations contained in Paragraph 33.

34. The defendants deny the allegations contained in Paragraph 34.

35. The defendants deny the allegations contained in Paragraph 35.

36. The defendants deny the allegations contained in Paragraph 36.

### Count Two
### Conspiracy in Violation of 42 U.S.C. § 1983
### (All Defendants)

37. The defendants repeat and incorporate by reference their responses to Paragraphs 1 – 36 above.

38. The defendants deny the allegations contained in Paragraph 38.

## Count Three
## Violation of Massachusetts Civil Rights Act
## (All Defendants)

39. The defendants repeat and incorporate by reference their responses to Paragraphs 1 – 38 above.

40. The defendants deny the allegations contained in Paragraph 40.

## Count Four
## Intentional Infliction of Emotional Distress
## (All Defendants)

41. The defendants repeat and incorporate by reference their responses to Paragraphs 1 – 40 above.

42. The defendants deny the allegations contained in Paragraph 42.

## Relief Requested

1. The defendants deny that this action is brought under the Massachusetts Tort Claims Act, M.G.L. c. 258, §§ 1, *et seq.*, as plaintiffs' Complaint contains no claim asserted under M.G.L. c. 258, § 2. The defendants admit that the Town received a letter from plaintiffs' counsel dated February 21, 2019, but deny that said letter sufficiently identifies alleged acts or omissions of negligence on the part of the Town or Town employees acting within the scope of their employment. The defendants deny that plaintiffs satisfied the condition precedent for bringing an action under M.G.L. c. 258, § 2.

2. The defendants deny all liability to the plaintiffs and further deny that plaintiffs are entitled to any of the relief requested.

### THIRD DEFENSE

The defendants are immune for intentional torts under M.G.L. c. 258, § 10(c). Therefore, Count Four must be dismissed.

### FOURTH DEFENSE

The defendants had probable cause to believe that the plaintiff, Edward Sullivan, had committed an assault and battery in violation of M.G.L. c. 265, § 13A. The defendants acted reasonably, in good faith, in compliance with M.G.L. c. 209A, and in compliance with the statewide policy regarding domestic violence. Therefore, the defendants are immune under M.G.L. c. 209A, § 6.

### FIFTH DEFENSE

The 51A report was made in good faith and was not frivolous. Therefore, the defendants are immune under M.G.L. c. 119, § 51A(g).

### SIXTH DEFENSE

Punitive damages are not recoverable against the Town or Town officials or employees sued in their official capacity. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 (1981).

### SEVENTH DEFENSE

Plaintiffs' Complaint contains no allegations regarding any violation(s) of the rights of, or injuries or harm caused to, the plaintiff, Heather Sullivan. Therefore, the Complaint of the plaintiff, Heather Sullivan, must be dismissed.

### EIGHTH DEFENSE

Plaintiffs' injuries and damages were caused by someone for whose conduct, acts and omissions the defendants cannot be held responsible.

### NINTH DEFENSE

The Department of Children and Families had reasonable cause to believe that the minor plaintiffs' health or safety was in immediate danger from abuse. Therefore, the temporary detention of the minor plaintiffs was not unreasonable. M.G.L. c. 119, § 51B(c).

## TENTH DEFENSE

The defendants, Chief John F. Carmichael, Jr., Officer Andrew Kiewlicz, Det. Michael Benner, Det. Sgt. Richard Kelleher, Officer Thomas Hart, Det. Kyle Griffin, Officer Matthew Crown and Vice Principal Lee Tobey are sued only in their official capacities. An official capacity suit against a municipal official is a suit against the municipality itself. Suprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005). As the Town of Walpole is also a named defendant, plaintiffs' claims as against the individual defendants are duplicative and should be dismissed. Alternatively, the individual defendants are entitled to qualified immunity.

## ELEVENTH DEFENSE

The defendants, Walpole Police Department and Walpole School Department, have no legal existence or liability to suit separate from the Town of Walpole. Henschel v. Worcester Police Dep't, Worcester, Mass., 445 F.2d 624 (1st Cir. 1971). As the Town of Walpole is also a named defendant, plaintiffs' claims as against the Walpole Police Department and Walpole School Department are duplicative and should be dismissed.

## TWELFTH DEFENSE

The defendants are not "persons" subject to suit under the Massachusetts Civil Rights Act. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 592 (2001). Therefore, Count Three must be dismissed.

## THIRTEENTH DEFENSE

11

Plaintiffs' Complaint fails to allege any unconstitutional policy, practice or custom. Further, no unconstitutional policy, practice or custom was either adopted, followed or adhered to by the defendants. Therefore, Counts One and Two must be dismissed.

### FOURTEENTH DEFENSE

Plaintiffs' Complaint fails to allege with specificity material facts showing the existence and scope of a conspiracy among the defendants. Plaintiffs' Complaint contains only conclusory allegations of conspiracy. Therefore, Count Two must be dismissed.

### FIFTEENTH DEFENSE

Plaintiffs' Complaint fails to allege with specificity the misconduct and/or wrongful acts of the individual defendants. Instead, plaintiffs collectively refer to the "Police," the "Police Department," "Officers," and "Walpole School officials." Therefore, plaintiffs' Complaint as against the individual defendants must be dismissed.

### SIXTEENTH DEFENSE

The defendants' actions and conduct were protected by law and/or legal process and, therefore, the plaintiffs cannot recover.

### SEVENTEENTH DEFENSE

The defendants did not deprive the plaintiffs of any rights secured by the Constitution, the Massachusetts Declaration of Rights, or by the laws of the United States and/or Massachusetts. Therefore, the plaintiffs cannot recover. In the alternative, if the defendants deprived plaintiffs of any constitutional or statutory rights, such rights were not clearly-established at the time of the alleged deprivation.

### EIGHTEENTH DEFENSE

12

Plaintiffs' Complaint fails to allege sufficient facts to support a claim that plaintiffs' rights were interfered with by means of threats, intimidation or coercion.  Therefore, Count Three must be dismissed.

### NINETEENTH DEFENSE

A direct violation of law does not involve threats, intimidation or coercion and, therefore, does not implicate the Massachusetts Civil Rights Act.  Longval v. Commissioner of Corrections, 404 Mass. 325, 333 (1989).  Therefore, Count Three must be dismissed.

### TWENTIETH DEFENSE

Count Two of plaintiffs' Complaint is barred by the intra-corporate conspiracy doctrine.

### TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim under the Massachusetts Tort Claims Act, M.G.L. c. 258, §§ 1, *et seq*.  But even if it does, which the defendants deny, the defendants are immune under M.G.L. c. 258, § 2 and M.G.L. c. 258, § 10(h).

### JURY DEMAND

The defendants demand a trial by jury on all claims.

Respectfully submitted,

The Defendants,
TOWN OF WALPOLE, MA, WALPOLE POLICE DEPARTMENT, CHIEF JOHN F. CARMICHAEL, JR., OFFICER ANDREW KIEWLICZ, DET. MICHAEL BENNER, DET. SGT. RICHARD KELLEHER, OFFICER THOMAS HART, DET. KYLE GRIFFIN, OFFICER MATTHEW CROWN, WALPOLE SCHOOL DEPARTMENT, and VICE PRINCIPAL LEE TOBEY,

By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ John J. Davis*

_____
John J. Davis, BBO #115890
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950

Dated: May 11, 2020

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 11, 2020.

*/s/ John J. Davis*

_____
John J. Davis, Esq.