**20**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

C.A. No. USDC, C.A. No. 1:20-cv-10484-GAO

| | |
|---|---|
| EDWARD SULLIVAN, HEATHER SULLIVAN, | ) |
| DOE CHILD 1, DOE CHILD 2, DOE CHILD 3, | ) |
| DOE CHILD 4, | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | ) |
| | ) |
| THE TOWN OF WALPOLE, MA, | ) |
| WALPOLE POLICE DEPARTMENT, | ) |
| CHIEF JOHN F. CARMICHAEL, JR., | ) |
| OFFICER ANDREW KIEWLICZ, | ) |
| DET. MICHAEL BENNER, | ) |
| DET. SGT. RICHARD KELLEHER, | ) |
| OFFICER THOMAS HART, | ) |
| DET. KYLE GRIFFIN, | ) |
| OFFICER MATTHEW CROWN, | ) |
| AND OTHER NAMES UNKNOWN TO THE PLAINTIFF | ) |
| AT THIS TIME, | ) |
| WALPOLE SCHOOL DEPARTMENT, | ) |
| VICE PRINCIPAL LEE TOBEY, | ) |
| AND OTHERS AS YET UNKNOWN TO THE | ) |
| PLAINTIFFS, | ) |
|     Defendants. | ) |

## DEFENDANTS' MOTION TO COMPEL
## DEPOSITION TESTIMONY OF MINOR PLAINTIFF T.S.

Now come the remaining defendants, Chief John F. Carmichael, Jr., Officer Andrew Kiewlicz, Det. Michael Benner, Det. Sgt. Richard Kelleher, Officer Thomas Hart, Det. Kyle Griffin, Officer Matthew Crown, and Vice Principal Lee Tobey (hereinafter "defendants"), pursuant to Fed. R. Civ. P. 37(a), and hereby move this Honorable Court to enter an Order compelling the minor plaintiff, T.S., to attend her deposition within the next thirty days.

In support of this motion, the defendants assert:

1. T.S. is the minor child of plaintiffs Edward and Heather Sullivan. *See* ECF Doc. No. 1-1 ("Cmplt.") at ¶ 4.

2. The plaintiffs allege that T.S. was at the home of a friend (without any of the other plaintiffs) when her civil rights were violated. *See id.*, at ¶¶ 1, 27, 31-32.

3. The plaintiffs also claim that the defendants intentionally inflicted emotional distress on T.S. *See id.*, at ¶¶ 41-42.

4. On January 20, 2022, the defendants noticed the deposition of T.S to be held via Zoom on February 18, 2022, to begin at 10:00 a.m. *See* Exhibit A, Notice of Deposition of T.S.

5. On February 17, 2022, the defendants sought to confirm the deposition of T.S. *See* Exhibit B, Email Correspondence Between Counsel on February 17, 2022, at 1-2.

6. Plaintiffs' counsel requested that Edward Sullivan's deposition take place the following day instead of the deposition of T.S. without explanation. *See id.*, at 1.

7. The defendants agreed to accommodate the last-minute change. *See id.*

8. On February 18, 2022, the defendants attempted to take the deposition of Edward Sullivan. However, around 10:00 a.m., Plaintiffs' counsel informed undersigned counsel for the first time that Mr. Sullivan had to leave within an hour of starting the deposition for a work meeting. Plaintiffs' counsel told undersigned counsel that he would make the entire family available the following week available so that all the plaintiffs could have their depositions taken. *See* Exhibit C, Email Correspondence Between Counsel from February 18, 2022 through February 20, 2022, at 2-3.

9. On February 20, 2022, plaintiffs' counsel stated that he "d[id] not believe [T.S.] will be able to submit to [the deposition]." *See id.*, at 1; *see also* <u>Exhibit D</u>, Deposition of Edward Sullivan (on February 22, 2022), at [160:11 – 16] (stating same).

10. On February 25, 2022, plaintiff Heather Sullivan also indicated that she did not believe T.S. could "handle it." *See* <u>Exhibit E</u>, Deposition of Heather Sullivan, at [90:6 – 13].

11. Twice, the defendants offered to forgo deposing T.S. if Edward and Heather Sullivan agreed to dismiss T.S. from the pending civil action. *See* <u>Exhibit F</u>, Email Correspondence Between Counsel dated March 23, 2022.

12. The plaintiffs have never agreed to dismiss T.S. from the pending civil action, nor have they provided times to reschedule T.S.'s deposition.

13. The plaintiffs have also never objected to defendants' Notice of T.S.'s Deposition, nor have they filed a Motion for a Protective Order.

14. Under the Federal Rules of Civil Procedure, the defendants are entitled to notice the deposition of a party without leave of court. *See* Fed. R. Civ. P. 30(a)(1).

15. The defendants are prejudiced in defending against T.S.'s claims because T.S. refuses to be deposed and has still not provided responses to defendants' written discovery requests. *See* ECF Doc. No. 32 (Defendants' Pending Motion to Compel Plaintiffs' Discovery Responses), at ¶¶ 10-11.

16. The defendants are also unable to obtain information from T.S. regarding the alleged stigma T.S. suffered because of the alleged violations underlying Plaintiffs' Complaint and some of the limited documents that the plaintiffs produced in discovery. *See id., see also* Cmplt., at ¶ 7; <u>Exhibit D</u>, at [129:1 – 130:4] and [139:1 – 20]; <u>Exhibit E</u>, at [93:3 – 95:8].

17. WHEREFORE, the defendants respectfully request this Honorable Court to order the minor plaintiff, T.S., to attend her deposition within the next thirty days, and should the plaintiff fail to comply, order the Complaint dismissed with prejudice without further application from the defendants as to T.S.'s allegations against the defendants and any of plaintiffs' alleged damages as they pertain to T.S. The defendants further request the Court award costs and fees and such other relief as this Court deems just and proper.

The Defendants,

CHIEF JOHN F. CARMICHAEL, JR.,
OFFICER ANDREW KIEWLICZ,
DET. MICHAEL BENNER,
DET. SGT. RICHARD KELLEHER,
OFFICER THOMAS HART,
DET. KYLE GRIFFIN,
OFFICER MATTHEW CROWN, &
VICE PRINCIPAL LEE TOBEY;

By their Attorneys,

**PIERCE DAVIS & PERRITANO** LLP

*/s/ Katie Cooper Davis*

_____
John J. Davis, BBO #115890
Katie Cooper Davis, BBO #694251
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com
kdavis@piercedavis.com

Dated: March 30 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 30, 2022.

*/s/ Katie Cooper Davis*

Katie Cooper Davis, Esq.


## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

Now comes the undersigned Counsel, Katie Cooper Davis, Esq, and hereby certifies that, pursuant to Local Rule 7.1, she conferred on several occasions with Plaintiffs' Counsel in a good faith effort to narrow the issues raised in the accompanying Motion. The parties were unable to narrow the issues, requiring the filing of the Motion.

*/s/ Katie Cooper Davis*

Katie Cooper Davis, Esq.